UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. C02-3077MWB |
| v. | ) ) |
| AUSTIN J. DECOSTER d/b/a DECOSTER FARMS OF IOWA, and IOWA AG, L.L.C., | ) **COMPLAINT** ) (Jury Trial Demand) ) |
| Defendants. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to past and present female employees of the defendants, Austin J. DeCoster d/b/a DeCoster Farms of Iowa ("DeCoster") and/or Iowa Ag, L.L.C. ("Iowa Ag"), who are and were adversely affected by such practices.

As stated with greater particularity in Paragraph 10 below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that DeCoster and Iowa Ag created and maintained a working environment at their egg processing facilities in Wright County, Iowa, that allowed a pattern and practice of sexual assaults of female employees by supervisors and others and of other forms of sexual harassment, all in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The discrimination complained of has occurred, and is occurring, within the jurisdiction of the United States District Court for the Northern District of Iowa.

3. Venue lies with this Court under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4. The plaintiff, EEOC, is the United States of America agency charged with the administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

5. At all relevant times, the defendant, DeCoster, has continuously been a proprietorship doing business in the State of Iowa, and has continuously had at least 15 employees.

6. At all relevant times, defendant DeCoster has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

7. At all relevant times, the defendant, Iowa Ag, has continuously been a corporation doing business in the State of Iowa, and has continuously had at least 15 employees.

8. At all relevant times, defendant Iowa Ag has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

9. More than 30 days prior to the commencement of this lawsuit, the Iowa Coalition Against Sexual Assault ("ICASA") filed a charge with the EEOC on behalf of all female employees

who have been and are presently employed at DeCoster's and Iowa Ag's Wright County, Iowa, egg processing facilities, alleging violations of Title VII by DeCoster and Iowa Ag. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 1995, defendants DeCoster and Iowa Ag have engaged in unlawful employment practices as joint employers at their Wright County egg processing facilities, in violation of Section 703(a) and (b) of Title VII, 42 U.S.C. § 2000e-2(a) and (b), including (but not limited to) the following: (a) since at least 1995, a number of different supervisors at those facilities regularly sexually assaulted and sexually harassed female employees (hereinafter called the "Class Members"); and (b) the sexual harassment of the Class Members included a pattern and practice of discriminatory intimidation, ridicule, and insult based on the Class Members' sex.

11. The effect of the practice(s) complained of in Paragraph 10 above has been to deprive the Class Members of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

12. The unlawful employment practices complained of in Paragraphs 10-11 above were, and are, intentional.

13. The unlawful employment practices complained of in Paragraphs 10-11 above were done, and are being done, with malice or with reckless indifference to the Class Members' federally-protected rights.

**PRAYER FOR RELIEF**

Wherefore, the plaintiff EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining DeCoster and Iowa Ag, and their officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex, including (but not limited to):

(1) Sexually assaulting or otherwise sexually harassing female employees;

3

(2) Maintaining a work environment which is hostile to women because of their sex;

(3) Threatening employees with disciplinary action, including (but not limited to) termination, for refusal to submit to sexual assault or other sexual harassment as a condition of employment, or for complaining to any person for having been the victim of sexual assault or other sexual harassment at DeCoster and/or Iowa Ag facilities; and

(4) Threatening to retaliate or taking any retaliatory measures of any kind whatsoever in violation of Section 704(a) of Title VII, 42 U.S.C. § 2003(a), against any employee or former employee, or any other person or individual, for opposition to any of the unlawful practices described above.

B. Order DeCoster and Iowa Ag to institute and carry out policies, practices, and programs which provide equal employment opportunities for the Class Members, and which eradicate the effects of its past and present unlawful employment practices.

C. Order DeCoster and Iowa Ag to make the Class Members whole by compensating them for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 10-11 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, and job search expenses and medical expenses not covered by their employer-sponsored employee benefit plans, in amounts to be determined at trial.

D. Order DeCoster and Iowa Ag to pay the Class Members punitive damages for the defendants' malicious and reckless conduct described in Paragraphs 10-11 above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the EEOC its costs in this action.

Respectfully submitted,

Dated: _September 25_, 2002

_____
Jean P. Kamp
Regional Attorney

Rosemary Fox
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2992
(414) 297-4131

Dated: _September 25_, 2002

_____
Dennis R. McBride (WI Bar No. 1000430)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI  53203-2992
(414) 297-4188