UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>        Plaintiff,<br><br>v.<br><br>AUSTIN J. DECOSTER d/b/a DECOSTER FARMS OF IOWA, and IOWA AG, L.L.C.,<br><br>        Defendants. | Civil Action No. C02-3077 MWB<br><br>**CONSENT DECREE** |

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | Introduction | 3 |
| II. | Jurisdiction | 4 |
| III. | Duration of Consent Decree | 4 |
| IV. | General Provisions | 4 |
| V. | Programs And Equitable Relief | 4 |
| | A. Posting of Notice of Settlement | 4 |
| | B. Anti-Harassment Policy | 5 |
| |     1. Promulgation and Enforcement of Policy | 5 |
| |     2. Posting of Policy | 5 |
| |     3. Distribution to Current Employees | 5 |
| |     4. Distribution Upon Hiring | 5 |
| |     5. Annual Distribution | 5 |
| | C. Anti-Retaliation Policy | 6 |

|   |   |    | | |
|---|---|----|---|---|
|   |   | 1. | Promulgation and Enforcement of Policy ................................. | 6 |
|   |   | 2. | Posting of Policy ...................................................................... | 6 |
|   |   | 3. | Distribution of Policy .............................................................. | 6 |
|   | D. | | Equal Employment Opportunity Training ........................................ | 6 |
|   |   | 1. | Annual Training ....................................................................... | 6 |
|   |   | 2. | Mandatory Training ................................................................. | 6 |
|   |   | 3. | First Training Session.............................................................. | 6 |
|   | E. | | Recordkeeping..................................................................................... | 7 |
|   | F. | | Reporting to EEOC ............................................................................ | 7 |
|   |   | 1. | Recordkeeping Liaison; Reports of Complaints....................... | 7 |
|   |   | 2. | Records Available Upon Request............................................. | 7 |
|   |   | 3. | Copies of Anti-Harassment and Anti-Retaliation Policies........ | 7 |
|   |   | 4. | Report on Compliance With Training Requirements................ | 7 |
| VI. | Monetary Relief................................................................................................. | | | 8 |
| VII. | Court Approval.................................................................................................. | | | 8 |
| VIII. | Successorship And Assignment of Duties Under Decree.................................. | | | 9 |
| IX. | Construction and Interpretation......................................................................... | | | 9 |

I. **INTRODUCTION**

On August 15, 2001, the Iowa Coalition Against Domestic Violence ("ICADV") filed a charge of discrimination (the "Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging, among other things, that Austin J. DeCoster d/b/a DeCoster Farms of Iowa ("DeCoster") and Iowa Ag, L.L.C. ("Iowa Ag") were violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by maintaining an environment hostile to Mexican female employees at DeCoster's egg processing facilities in Iowa through sexual assaults (including, but not limited to, rapes by supervisors) and sexual harassment, discriminatory treatment of Mexican workers on the basis of national origin, and retaliation, both actual and threatened, against the victims of this discriminatory treatment.

On August 22, 2001, the EEOC filed a petition for preliminary injunction against DeCoster and Iowa Ag in EEOC v. Iowa Ag, L.L.C., and Austin J. DeCoster d/b/a DeCoster Farms, Inc., Civil Action No. C01-3070 (N.D. Iowa, C.D.), pursuant to Section 706(f)(2) of Title VII, 42 U.S.C. § 2000e-5(f)(2). The parties then entered into a "Consent Order" which was approved by this Court on August 27, 2001. Pursuant to the Consent Order, DeCoster and Iowa Ag agreed to:

- Distribute copies of the "Harassment Policy Statement" attached to the Consent Order in English and Spanish to all persons employed by DeCoster and Iowa Ag in the State of Iowa with the paychecks distributed to employees on August 24, 2001;

- Distribute copies of the "Notice of EEOC Investigation" attached to the Consent Order in English and Spanish to all persons employed by DeCoster and Iowa Ag in the State of Iowa with the paychecks distributed to employees on August 24, 2001;

- Provide a copy of the "Harassment Policy Statement" attached to the Consent Order in English and/or Spanish to all persons hired by DeCoster and Iowa Ag to work in the State of Iowa after the date of the Consent Order; and

- Enforce the Harassment Policy, abide by the "Notice of EEOC Investigation," and abide by an agreement with the EEOC which was attached to the Consent Order.

On January 23, 2002, the EEOC issued a "Determination" that since at least January 1, 1999, certain supervisors employed by DeCoster and Iowa Ag at DeCoster's egg processing operations in Wright County, Iowa, regularly sexually assaulted and sexually harassed female employees, especially those of Mexican and other Hispanic national origin, despite, in some cases, complaints about this conduct having been made to DeCoster and/or Iowa Ag management. The EEOC's Determination also stated that, coupled with this conduct, certain DeCoster and Iowa Ag supervisors regularly threatened female employees with bodily harm and other forms of retaliation if they complained of such conduct.

DeCoster and Iowa Ag deny the allegations in the Charge, and disagree with the findings made in the EEOC's Determination.

3

The EEOC filed the present action on September 26, 2002, and the parties have agreed to this Consent Decree to reach an amicable resolution of their dispute and to avoid the cost and investment of time in litigation.

## II.    JURISDICTION

A.    This Court has jurisdiction over the subject matter of this action and the claims arising between the EEOC and DeCoster, and between the EEOC and Iowa Ag.

B.    The Court shall retain jurisdiction to resolve all disputes that may arise under this Decree, including those relating to any purchaser, agent, assignee, or successor to or of DeCoster or Iowa Ag for the duration of this Decree. Where the names DeCoster or Iowa Ag is used, it shall also be deemed to include any purchaser, agent, assignee, or successor to or of DeCoster or Iowa Ag.

## III.   DURATION OF CONSENT DECREE

This Consent Decree shall become effective on the date on which the Court enters a final approval of this Decree, and shall remain in effect through December 31, 2005, except for the "General Provisions" in Section IV, which shall remain in force indefinitely.

## IV.   GENERAL PROVISIONS

A.    DeCoster and Iowa Ag shall not permit sexual harassment of female applicants or employees, and shall provide equal employment opportunity for applicants and employees without regard to sex.

B.    DeCoster and Iowa Ag shall not retaliate against individuals who oppose unlawful practices or who engage in activities protected by Title VII.

C.    Nothing in these General Provisions shall be construed to supersede or conflict with specific remedial efforts and programs implemented under other sections of this Consent Decree.

## V.    PROGRAMS AND EQUITABLE RELIEF

### A.    Posting of Notice of Settlement

DeCoster and Iowa Ag each agrees to post the "Notice of Settlement" attached as Exhibit "B" to this Consent Decree in a clear, conspicuous, and accessible location customarily used for the posting of employee notices in DeCoster and Iowa Ag's Wright County, Iowa, egg processing facilities. The Notice shall be posted within five calendar days of the approval of this Consent Decree by the Court, and remain posted for one year after entry of the Decree.

### B.   Anti-Harassment Policy

#### 1.   *Promulgation and Enforcement of Policy*

DeCoster and Iowa Ag each agree to promulgate and enforce a strong, clear policy on the defendants' letterheads in both English and Spanish regarding harassment on the basis of race, sex, and national origin, including a statement that such harassment shall result in discipline, up to and including discharge. The policy shall be substantially similar to the anti-harassment policy distributed to DeCoster and Iowa Ag owners, officers, agents, managers, supervisors, and employees pursuant to the above-described "Consent Order" entered by the Court on August 27, 2001. DeCoster and Iowa Ag shall distribute the anti-harassment policy to all officers, managers, supervisors, and employees in accordance with Section V(A)(3), (4), and (5) below.

#### 2.   *Posting of Policy*

The anti-harassment policy shall be posted for the term of this Consent Decree in a clear, conspicuous, and accessible location customarily used for the posting of employee notices in DeCoster and Iowa Ag's Wright County, Iowa, egg processing facilities.

#### 3.   *Distribution to Current Employees*

DeCoster and Iowa Ag shall give each current supervisor and employee a copy of its sexual harassment policy, in each such individual's first language, and each supervisor and employee shall be required to acknowledge in writing his or her receipt of that policy, and to acknowledge that failure to comply with the policy may result in discipline, up to and including discharge.

#### 4.   *Distribution Upon Hiring*

DeCoster and Iowa Ag shall give each newly-hired supervisor and employee a copy of its sexual harassment policy when hired, in each such individual's first language, and each supervisor and employee shall be required to acknowledge in writing his or her receipt of that policy, and to acknowledge that failure to comply with the policy may result in discipline, up to and including discharge.

#### 5.   *Annual Distribution*

Each year, on September 1st, DeCoster and Iowa Ag shall give each current supervisor and employee a copy of the current policy in each supervisor or employee's first language, and each supervisor and employee shall be required to acknowledge in writing his or her receipt of that policy, and to acknowledge that failure to comply with the policy may result in discipline, up to and including discharge.

C. **Anti-Retaliation Policy**

   *1. Promulgation and Enforcement of Policy*

   DeCoster and Iowa Ag each shall promulgate and enforce a strong, clear policy on their letterheads in both English and Spanish stating that DeCoster and Iowa Ag employees will not be subject to retaliation for raising complaints of non-compliance with Title VII, and that their identities will remain, as near as possible, confidential. The policy shall be substantially similar to the anti-retaliation policy distributed to DeCoster and Iowa Ag owners, officers, agents, managers, supervisors, and employees pursuant to the above-described "Consent Order" entered by the Court on August 27, 2001. The notice shall further advise employees of their right to file a charge with the EEOC.

   *2. Posting of Policy*

   The anti-retaliation policy shall be posted for the term of this Decree in a clear, conspicuous, and accessible location customarily used for the posting of employee notices in DeCoster and Iowa Ag's Wright County, Iowa, egg processing facilities.

   *3. Distribution of Policy*

   DeCoster and Iowa Ag shall distribute the anti-retaliation policy to all officers, managers, supervisors, and employees in accordance with Section V(A)(3), (4), and (5) above.

D. **Equal Employment Opportunity Training**

   *1. Annual Training*

   For the term of this Consent Decree, DeCoster and Iowa Ag shall provide annual training to all supervisors involved in decisions relating to hiring, assignments, transfers, discipline, terminations, pay, and promotions. For this training, they shall use an outside consultant to be mutually designated by DeCoster, Iowa Ag, and the EEOC, the cost of which shall be borne by DeCoster and Iowa Ag. The training subjects, each of which shall receive equal emphasis during the training, shall include national origin discrimination, sex discrimination, sexual harassment, and discrimination and harassment on the basis of national origin.

   *2. Mandatory Training*

   Each training session shall be mandatory for all supervisors involved in decisions relating to hiring, assignments, transfers, discipline, terminations, pay, and promotions, and shall be scheduled on company time, for no less than two hours per session.

   *3. First Training Session*

   The first training session shall occur no later than 60 days after the entry of this Consent

Decree by the Court.

### E. Recordkeeping

DeCoster and Iowa Ag agree to fully comply with the recordkeeping requirements of Title VII and its regulations. Within 30 days of this Decree, DeCoster and Iowa Ag each shall select one employee to serve as its recordkeeping liaison with primary responsibility for ensuring that the recordkeeping requirements are complied with in full. The recordkeeping liaison shall, on a monthly basis, contact each person who regularly or periodically handles records required to be maintained pursuant to Title VII and its regulations, and assure that such records are being maintained. Time spent at such monitoring duties shall be considered time worked and recordkeeping liaison shall be compensated at the appropriate rate for time worked.

### F. Reporting to EEOC

#### 1. *Recordkeeping Liaison; Reports of Complaints*

Commencing 180 days after entry of this Decree, and thereafter on each February 1st for the term of the Decree, DeCoster and Iowa Ag each shall report to the EEOC the name, title, and address of the individual serving as recordkeeping liaison in accordance with Section VII(E) above, and shall provide in summary, written form a report regarding the following employment activity: a list of all complaints, whether formal or informal, or verbal or in writing, alleging that an applicant or employee of DeCoster or Iowa Ag has been the victim of discrimination based on sex and national origin, or has suffered retaliation for having opposed any practice made unlawful by Title VII, or because he or she made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

#### 2. *Records Available Upon Request*

In addition to the reports specified in Section VII(F)(1), DeCoster and Iowa Ag each shall make available, upon request, copies of the underlying documents for review and inspection by the EEOC. DeCoster and Iowa Ag shall bear the cost of any such copies.

#### 3. *Copies of Anti-Harassment and Anti-Retaliation Policies*

DeCoster and Iowa Ag each shall provide the EEOC with copies of their anti-harassment and anti-retaliation policies and a statement attesting to the means by which supervisors and employees are informed of the promulgation and enforcement of those policies within 10 days of the entry of this Consent Decree.

#### 4. *Report on Compliance With Training Requirements*

Each February 1st for the term of the Decree, DeCoster and Iowa Ag each shall report to the EEOC in writing concerning their compliance with the training requirements of Section V(C) above.

## VI. MONETARY RELIEF

DeCoster and Iowa Ag shall pay, and be jointly and severally liable for, the sum of one million, five hundred twenty five thousand dollars ($1,525,000.00) to resolve the allegations of the complaint. Settlement payments totaling one million three hundred thousand dollars ($1,300,000.00) will be made to the 11 individuals named on Exhibit "A," in the amounts and on the dates set forth therein. Payments shall be made following receipt by counsel for DeCoster and Iowa Ag of a release from each such individual which has been separately negotiated by ICADV on behalf of the women. Exhibit "A" shall not be made part of the public record and shall be sealed by the Court from public view.

The settlement payments will be made by mailing, by certified mail, to ICADV, with copies to EEOC, checks totaling three hundred eighty-one thousand, two hundred fifty dollars ($381,250.00) on or before October 21, 2002, January 20, 2003, June 20, 2003, and October 20, 2003. If any release has not been received by any payment date, any portion of the payment allocated to the individual who has not provided a release will not be made until 10 days after receipt of the release.

DeCoster and Iowa Ag shall pay the remaining two hundred twenty-five thousand dollars on the dates set forth above in the amounts set forth on Exhibit "A." ICADV shall be paid a total of one hundred thousand dollars ($100,000.00). Any additional claimants shall be paid a total of one hundred twenty-five thousand dollars ($125,000.00). The funds provided for any additional claimants shall be held by ICADV in a segregated bank account. Within 30 days of the entry of this Consent Decree, DeCoster and Iowa Ag shall provide to EEOC with the last-known addresses of women who were employed in the Wright County egg processing facilities by DeCoster and Iowa Ag from January 1, 1996, to August 27, 2001. The EEOC shall send a notice to such women in substantially the form attached as Exhibit B. Any additional claims shall be evaluated solely by EEOC, and EEOC shall have sole discretion in determining amounts to be paid to any additional claimants. Prior to receiving payment from this fund each person shall provide a release of all claims of sexual harassment arising under Title VII which relate to conduct that allegedly occurred on or before August 20, 2001. Any funds not paid to additional claimants within one year of the date of entry of this Consent Decree shall be paid to ICADV.

## VII. COURT APPROVAL

The EEOC, DeCoster, and Iowa Ag stipulate that the relief provided under this Consent Decree fully, fairly, and adequately addresses the claims against DeCoster and Iowa Ag alleged in the Complaint in the above-captioned action. Accordingly, the EEOC, DeCoster, and Iowa Ag shall mutually and jointly seek Court approval of the Decree, and agree that, upon approval, all claims made by the EEOC in the Complaint against DeCoster and Iowa Ag shall be resolved. If the Court rejects any of the provisions of the Decree deemed by the EEOC, DeCoster, or Iowa Ag as material, any one of the parties may declare the entire Decree null and void.

## VIII. SUCCESSORSHIP AND ASSIGNMENT OF DUTIES UNDER DECREE

In the event of sale of the assets, stock, or company to any purchaser, assign, successor, third party, or any other entity, DeCoster and Iowa Ag agree that any such entity shall be fully informed of the terms of this Decree, and shall agree to be bound by its terms as fully as if it were an original signatory. Failure to comply with all of the terms of this Decree by any such entity shall be deemed a breach of this Decree as if the entity is an original signatory. Within 30 days of any transfer of assets, stock, or company, to any purchaser, assign, successor, third party, or any other entity, DeCoster and Iowa Ag shall promptly notify the EEOC in writing of the name, address, and telephone number of any purchaser, assign, successor, or third party assuming obligations arising from this Decree, and shall provide a copy of the document(s) by which the purchaser, assign, successor, or third party assumes obligations arising from this Decree.

## IX. CONSTRUCTION AND INTERPRETATION

The EEOC, DeCoster, and Iowa Ag agree to meet and confer regarding any dispute arising from the implementation of this Consent Decree. If the parties are unable to resolve a dispute, any legal action relating to the Decree shall be filed in the Court that approves the Decree. The Decree and all settlement documents shall be construed under federal law.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: September 27, 2002

By: _____
Jean P. Kamp
Regional Attorney

Rosemary Fox
Supervisory Trial Attorney

EEOC Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2992
(414) 297-1860

Dated: September 27, 2002

By: _____
Dennis R. McBride (WI Bar No. 1000430)
Senior Trial Attorney
EEOC Milwaukee District Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2992
(414) 297-4188
FAX: (414) 297-3146

9

AUSTIN J. DeCOSTER d/b/a DeCOSTER<br>FARMS OF IOWA *and* IOWA AG, L.L.C.

Dated: _____, 2002          By: *Jan Mohrfeld Kramer*
William Sidney Smith
Jan Mohrfeld Kramer
Smith, Schneider, Stiles & Serangeli, P.C.
10th Floor Equitable Building
604 Locust Street - Suite 1000
Des Moines, IA 50309
(515) 245-6789
FAX: (515) 244-1328


Dated: _____, 2002          By: _____
                                              Austin J. DeCoster d/b/a
                                              DeCoster Farms of Iowa


Iowa Ag, LLC

Dated: _____, 2002          By: _____
                                              John W. Glessner, Jr.
                                              Its President

## ORDER

SO ORDERED this 2nd day of October, 2002.

*Mark W. Bennett*
Mark W. Bennett, Chief Judge
United States District Court for the Northern
District of Iowa

Copies mailed on 10-02-02
to counsel of record or pro se
parties as shown on the docket
sheet.

Deputy Clerk

*Exhibit B*

# NOTICE

### *By order of the United States District Court*

_____, 2002

**ATTENTION:** **All present and former employees of DeCoster Farms of Iowa and Iowa Ag, L.L.C.:**

By order of the United States District Court for the Northern District of Iowa, resolving a lawsuit brought by the United States Equal Employment Opportunity Commission ("EEOC"), against DeCoster Farms of Iowa and Iowa Ag, L.L.C., this Notice is being provided to all present and former employees of DeCoster Farms and Iowa Ag.

**YOU MAY BE ELIGIBLE FOR PAYMENT FOR DISCRIMINATION THAT YOU MIGHT HAVE SUFFERED DURING YOUR EMPLOYMENT.**

The EEOC has resolved a federal lawsuit with DeCoster Farms and Iowa Ag in which DeCoster Farms and Iowa Ag, without admitting that anyone in their facilities engaged in employment discrimination, have agreed to create a fund to compensate individuals who allegedly suffered from such discrimination. Any woman who now works, or formerly worked for DeCoster Farms or Iowa Ag is potentially eligible for such compensation.

You may be eligible for compensation if you are a woman who believes that you were the victim of

1. Any unwanted physical touching.

2. Any offensive words relating to your sex.

3. Any retaliation of any sort against any employee who complained of harassment.

**If you believe that you were the victim of such discrimination, please call the EEOC as soon as possible. Failure to do so may result in losing your rights.**

Telephone calls may be made confidentially to the EEOC's toll-free number (1-800-669-3362). Also, EEOC Investigators Lili Llanas and Monica Fernandez, both of whom speak Spanish and English, can be reached individually at 414-297-3469 (Llanas) and 414-297-4076 (Fernandez). If necessary, you may call Ms. Llanas and Ms. Fernandez by "collect" call.